FILED
CLERK

6/13/2013 3:45 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
CRISTINA ABREU SUZUKI,

        Plaintiff,       **08-CV-4569 (TCP)**

  -against-

STATE UNIVERSITY OF NEW YORK    **MEMORANDUM**
COLLEGE AT OLD WESTBURY,      **AND ORDER**

        Defendant.
-------------------------------------------------X
PLATT, District Judge.

   Before the Court is defendant's motion for partial dismissal of plaintiff's First Amended

Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant's motion to

dismiss is hereby **GRANTED** as to plaintiff's three Equal Pay Act ("EPA") claims.

   In summary, defendant's motion to dismiss plaintiff's individual EPA claim is granted

because the claim is unsupported by factual allegations making it plausible that defendant

violated the EPA and, consequently, the FAC does not state a claim upon which relief may be

granted.  Defendant's motion is granted on plaintiff's proposed class EPA claim because (1) the

allegations in the complaint are vague and conclusory and therefore do not state a claim; (2)

Federal Rule of Procedure 23 is an improper mechanism for bringing a class action in an EPA

case; (3) no written consents from potential plaintiffs were filed; and (4) the collective EPA

claim is time barred.

   Defendant's motion to dismiss plaintiff's EPA retaliation claim is granted because the

amended complaint fails to allege that defendant was aware that plaintiff engaged in a protected

activity by complaining about her compensation.  The FAC also fails to allege facts showing that

any purported differences in compensation occurred after she filed her complaint making it

plausible that the actions were retaliatory in nature.

## Background

*Facts*

Dr. Cristina Abreu Suzuki ("plaintiff") was born on June 27, 1957 and resides in New York.[1]  Plaintiff is of Japanese and Brazilian descent.  In 2005, plaintiff began working for the State University of New York College at Old Westbury ("SUNY") as a visiting professor in the Department of Mathematics, Computer Information Sciences ("CIS").

Plaintiff received her bachelor and masters degrees in Brazil from well respected institutions.  She was a licensed teacher in Brazil who held a tenure track position at the University of Sao Paulo from 1988 until 1991.  Plaintiff received three fellowships in Brazil for which there was competition countrywide.  Plaintiff also worked for a year as a visiting professor at Temple University and for three and one-half years at Lehman College.

Plaintiff took a leave of absence to come to the United States on a federally funded fellowship at the Graduate Center of City University of New York ("CUNY"), from where she graduated with a Ph.D.  CUNY's Ph.D Mathematics Program was ranked 30th in the United States.

SUNY advertised a position through plaintiff's CUNY graduate program.  The posting stated that the "anticipated opening is a full-time, tenure-track position."  DE 69 ¶ 14. Qualifications required the attainment of a Ph.D by August 2005 and teaching experience.

Plaintiff applied for the tenure track position at SUNY.  When plaintiff interviewed for

---

1.  The facts are taken from plaintiff's first amended complaint (DE 69) and are deemed true for the purposes of defendant's motion to dismiss.  Only those facts necessary to decide defendant's motion are included.

the position, interviewers Drs. Lee and Kim advised plaintiff that she could apply only for a Visiting Professor position, which would grow into a tenure track position.  Plaintiff became a visiting professor.

While employed by SUNY, plaintiff was evaluated by Dr. Kathleen Miranda ("Dr. Miranda"), who gave plaintiff an excellent evaluation.  This was the sole evaluation completed on behalf of plaintiff and there was no record of it in her personnel file.

Plaintiff filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC") on May 24 and 29, 2007.  The EEOC issued a Dismissal and Notice of Rights to plaintiff on August 13, 2008.  It is unclear from plaintiff's FAC, but around this time or shortly thereafter, SUNY terminated plaintiff.

### *Plaintiff's Claims*

Plaintiff's FAC (DE 69) contains six claims.  First, plaintiff alleges unlawful age discrimination in violation of the Age Discrimination in Employment Act.  DE 69 ¶¶ 54-59.  Second, plaintiff alleges gender discrimination pursuant to 42 U.S.C. § 2000(e), commonly known as  Title VII.  *Id.* at ¶¶ 60-66.  Plaintiff also alleges age discrimination pursuant to New York State's Human Rights Law.  *Id.* at ¶¶ 67-70.  Fourth, plaintiff claims that defendant discriminated against her and other female professors by paying them less wages than their male counterparts despite plaintiff's equal or superior performance and despite her equal or superior qualifications, all pursuant to the Equal Pay Act, 29 U.S.C. § 206(d)(1).  *Id.* at ¶¶ 71-76.  As her fifth claim, plaintiff alleges discrimination based on national origin pursuant to Title VII.  *Id.* at ¶¶ 77-84.  Finally, plaintiff alleges retaliation pursuant to the ADEA, Title VII, Equal Pay Act and New York's Human Rights Law.  Plaintiff also requests punitive damages.

Defendant SUNY at Old Westbury moves to dismiss plaintiff's ADEA claims on the grounds of lack of subject matter jurisdiction and untimeliness.  Defendant also moves to dismiss plaintiff's New York State HRL claim based on the Eleventh Amendment of the federal Constitution and on principles of sovereign immunity.  Defendant also seeks to dismiss plaintiff's individual, collective and retaliation Equal Pay Act claims.

In her opposition to defendant's motion, plaintiff voluntarily withdrew portions of her FAC, i.e., those claims brought under the ADEA and her HRL New York State claims and all claims for punitive damages.  DE 75 p. 1.  Thus, the remaining claims at issue in this motion are plaintiff's Equal Pay Act discrimination claims brought on behalf of herself and "all female professors employed by SUNY-OW's Department of Mathematics/CIS academic year 2004-2005 and 2005-2006 because they were paid less than males."  DE 69 ¶ 76.  Also at issue is plaintiff's EPA retaliation claim.

## Discussion

### *Legal Standard for a Motion to Dismiss*

When considering a motion to dismiss a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must assume as true all allegations contained in the complaint.  *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).  However, it is "well settled that conclusory allegations merely stating general legal conclusions necessary to prevail on the merits of a claim, unsupported by factual averments will not be accepted as true."  *ECOR Solutions, Inc. v. Malcolm Pirnie, Inc.*, No. 02 Civ. 1103, 2005 WL 1843253, at *3 (N.D.N.Y. July 29, 2005).  The Supreme Court has held that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  On FRCP 12(b)(6) motions, the court must assess the legal feasibility of the complaint and whether a plaintiff has pled claims for which he or she is entitled to discovery. *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000); *Chance*, 143 F.3d at 701.

In  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court held that courts should entertain a motion to dismiss by following a two-pronged approach:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

In addition, the Federal Rules of Civil Procedure require a "short plain statement of the claim showing that the pleader is entitled to relief." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Rule 8(a)(2) requires that a pleading set forth facts that the pleader is entitled to relief and provide a defendant with fair notice. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

### The Equal Pay Act

The Equal Pay Act provides that "[n]o employer having employees subject to any provisions of this section shall discriminate . . . between employees on the basis of sex."  29 U.S.C. § 206(d)(1).  To state a claim under the Equal Pay Act, plaintiff must allege the following: "(1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3)

the jobs are performed under similar working conditions." *Klein v. New York Univ.*, No. 07 Civ. 160, 2008 WL 3843514, at *3 (S.D.N.Y. Aug. 14, 2008) (citing *Corning Glass Works v. Brennan,* 47 U.S. 188, 195 (1974)).  To establish "a prima facie case under the EPA, a plaintiff has the burden of showing that the employer paid different wages to employees of opposite sexes in the same establishment for equal work on jobs whose performance requires equal skill, effort and responsibility." *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)).

"To survive a motion to dismiss, a plaintiff is required to proffer factual support for the allegation that her employer violated the Equal Pay Act." *Rose v. Goldman, Sachs & Co., Inc*., 163 F. Supp. 2d 238, 243 (S.D.N.Y. 2001).  Thus, "[e]ven at the motion to dismiss stage, vague, conclusory, and speculative allegations will not save an Equal Pay Act claim" because a "plaintiff must allege at least some facts to support contentions that her employer violated the EPA." *Bass v. World Wrestling Fed'n  Entm't, Inc*., 129 F. Supp. 2d 491, 503 (E.D.N.Y. 2001).

***Plaintiff's Individual EPA Claim***

In support of her individual EPA claim, plaintiff's FAC alleges that she is an employee and that SUNY is an employer and that both are subject to the EPA.  DE 69 ¶¶ 72-73.  The FAC then alleges:

> Upon information and belief, SUNY-OW discriminated against Dr. Abreu Suzuki by paying her and other female professors less wages than they paid to male employees although she performed equal, or superior, work and had equal or better qualifications and experience.

*Id.* at ¶ 74.

-6-

Bald allegations that male employees were paid more than female employees, however, will not survive a motion to dismiss, particularly in light of the standards set forth in *Bell Atlantic Corporation v. Twombly*, *supra*.  Well before the Supreme Court's holding in *Twombly*, however, the Second Circuit and district courts expressly held that such conclusory allegations could not withstand a Rule 12(b)(6) motion to dismiss an EPA claim.  *See Frasier*, 930 F.2d at 1007-08 (allegation that plaintiff was not receiving equal pay for equal work too vague to withstand motion to dismiss); *Lacey v. Carroll McEntee & McGinley, Inc.*, No. 03 Civ. 8832, 1994 WL 592158, at *3 (S.D.N.Y. Oct. 26, 1994) (granting motion to dismiss complaint in the absence of any factual information to support allegation of disparate wages, equal performance level and similar working conditions).

District courts have also dismissed EPA claims where a plaintiff failed to allege how his or her position and the comparison position were substantially similar.  *Gibson v. Jacob K. Javits Convention Ctr. of New York*, No. 95 Civ. 9728, 1998 WL 132796, at *3 (S.D.N.Y. Mar. 23, 1998).  *See Baumgardner v. ROA General, Inc.*, 864 F. Supp. 1107, 1109 (D. Utah 1994) (holding that plaintiffs did not state an EPA claim where plaintiffs "made no effort to allege how each of their positions [were] "substantially equal" to the comparator's position).  The FAC contains no factual allegations about plaintiff's or her comparator's positions.

Furthermore and as defendant points out, plaintiff's FAC was filed after plaintiff had obtained a substantial amount of discovery and when she had far more information than the typical plaintiff filing an amended complaint.[2]  Yet, plaintiff does not identify any male faculty

---

2.  Plaintiff's motion to amend her complaint was granted by electronic Order dated March 30, 2012.

members in her department during the relevant time with similar experience who earned more for substantially similar work.  Indeed, plaintiff does not even disclose her salary in the FAC.

Accordingly, for the foregoing reasons, plaintiff's individual EPA claim is hereby dismissed for failure to state a claim upon which relief may be granted.

***Plaintiff's Class Claim Pursuant to the EPA***

Plaintiff's FAC "also asserts [her EPA] claim under Rule 23(b)(2) on behalf of all female professors employed by SUNY-OW's Department of Mathematics/CSI academic year 2004-2005 and 2005-2006 because they were paid less than males."  DE 69 ¶ 76.

This claim is also dismissed because it suffers from the same infirmities as her individual EPA claim, i.e., despite having had the benefit of substantial discovery, plaintiff's amended complaint does not contain plausible facts tending to show that defendant violated the EPA by paying male professors more than female professors for substantially the same work.

Plaintiff's class claim is also dismissed because Federal Rule of Civil Procedure 23 is an improper mechanism for bringing a multi plaintiff case under the EPA.  Unlike Rule 23 class actions which require potential plaintiffs to opt out, EPA plaintiffs must expressly opt in to a case by written notice pursuant to 29 U.S.C. § 216(b).[3]  *See AFSCME v. Nassau Cnty.*, 664 F. Supp. 64, 65 (E.D.N.Y. 1987) (" 'The clear weight of authority holds that Rule 23 procedures are inappropriate for the prosecution of class actions under § 216(b)[.]' ") (quoting *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977), *abrogated on other grounds by Hoffmann-La*

---

3.  Title 29 U.S.C. 216(b) provides, in pertinent part: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

*Roche, Inc. v. Sperling*, 493 U.S. 165, 1 (1989); *Tuber v. Cont'l Grain Co.*, No. 83 Civ. 4950, 1984 WL 1326, at *8 (S.D.N.Y. Dec. 11, 1984) (holding that "an aggrieved individual need only file a consent with the court" to became a plaintiff in an EPA complaint and that "there is no need for any party to show compliance with the requirements of Rule 23").

Thus, to state a collective EPA claim on behalf of those similarly situated, plaintiff "need only file their written consents." *Tuber*, 1984 WL 1326, at *8. Plaintiff filed no consents in this case and accordingly, her collective claim is also dismissed because no one opted in.

Moreover, plaintiff's collective EPA claim is time barred. The statute of limitations for an EPA claim is set forth in 29 U.S.C. § 255(a). In pertinent part, that section provides that an action "may be commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." "A violation occurs when an employer pays lower wages to an employee of one gender than to substantially equivalent employees of the opposite gender in similar circumstances." *Pollis v. New School for Social Research*, 132 F.3d 115, 118 (2d Cir. 1997).

Defendant states that it first learned about plaintiff's collective EPA action in June 2011 when she filed her motion to amend her complaint. The FAC alleges that the claim is brought on behalf of all female professors employed by defendant's mathematics and computer sciences department during the academic years 2004-2005 and 2005-2006 because they were paid less than males. DE 69 ¶ 76. At the latest, then, potential plaintiffs would have had to expressly opt in within two years of receiving their last paychecks which presumably was sometime in June 2006. Even applying the three year statute of limitations for willful violations solely for the

purposes of this motion, the collective EPA claim had to be filed by June 2009. Accordingly, it is time barred by at least two years.

Nor is this claim saved by plaintiff's EEOC charge which expressly stated an EPA class claim on behalf of the other women faculty members that was filed by plaintiff in May 2007 when she was *pro se*. First, "the EPA does not require a grievant to exhaust administrative remedies prior to the commencement of a civil action." *Byrne v. Telesector Resources Group, Inc.*, No. 04 Civ. 76S, 2005 WL 464941, at *10 (W.D.N.Y. Feb. 25, 2005) (citing *Cnty. of Washington v. Gunther*, 452 U.S. 161, 175 n.14 (1981)). Thus, the filing of an EEOC charge for a collective EPA claim does not toll the statute of limitations.

Second, plaintiff subsequently hired her current attorney who filed the original complaint in this matter. That complaint did not contain the collective EPA claim. Instead, the collective claim was added in the instant first amended complaint giving defendant actual notice of the claim at least five years after its accrual. Given that, it is simply unfair to burden defendant with defending such a stale claim especially considering that potential plaintiffs could have brought or did, in fact, bring their own EPA claims. For all of the foregoing reasons, defendant's motion to dismiss plaintiff's collective EPA claim is hereby granted.

### *Plaintiff's EPA Retaliation Claim*

"The anti-retaliation provision of the [Fair Labor Standards Act], of which the EPA is a part, states in relevant part that it shall be unlawful 'to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter.' " *Kassman v. KPMG*

-10-

*LLP*, No. 11 Civ. 4753, 2013 WL 452913, at *15 (S.D.N.Y. Feb. 7, 2013) (quoting 29 U.S.C. §

215(a)(3)).  To establish a *prima facie* case of retaliation under the Fair Labor Standards Act, a

plaintiff must show "(1) participation in protected activity known to the defendant, like the filing

of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal

connection between the protected activity and the adverse employment action."  *Mullins v. City*

*of New York*, 626 F.3d 47, 53 (2d Cir. 2010).

    "As the Supreme Court recently made clear, to satisfy the first prong of the test for a

*prima facie* claim of retaliation, 'a complaint must be sufficiently clear and detailed for a

reasonable employer to understand it, in light of both content and context, as an assertion of

rights protected by the statute and a call for their protection.' " *Kassman*, 2013 WL 452913, at

*16 (quoting *Kasten v. Saint-Gobain Performance Plastics Corp*., 131 S. Ct. 1325, 1335 (2011)).

Thus, while an employee does not have to cite to a particular statutory provision, the employee

must have lodged a specific complaint about a violation covered by the labor law.  *Castagna v.*

*Luceno*, No. 09 Civ. 9332, 2011 WL 1584593, at *12 (S.D.N.Y. Apr. 26, 2011).

    With respect to plaintiff's EPA retaliation claim,[4] the FAC alleges that she filed two

charges of discrimination with the EEOC in May 2007 and that she filed internal charges under

SUNY's harassment policies.  DE 69 ¶ 86.  The FAC then alleges that defendant retaliated

against plaintiff by failing to tell her that the employee search in Fall 2007 resulted in the

selection of two candidates, both younger, white males who were not of Brazilian or Japanese

descent.

---

4. Plaintiff's sixth claim alleges retaliation pursuant to "Title VII, the ADEA, the Equal Pay Act and the New York
State Human Rights Law."  DE 69 p. 19.  The facts set forth above from the amended complaint are alleged for all
the listed statutes, but defendant's motion only concerns her EPA retaliation claim.

The FAC also states that defendant retaliated by failing to respond to her application for the math education position. *Id.* at ¶ 88. Finally, the FAC alleges that defendant's "own internal investigation was ample proof of the discrimination and retaliation that took place against plaintiff. The consensus was to fill the positions with males. Plaintiff was supposed to get the job until Dr. Gupta interfered and influenced the vote the other way." *Id.* at ¶ 89.

Upon review of the allegations in the FAC, plaintiff's EPA retaliation claim must be dismissed as a matter of law. The amended complaint, filed after plaintiff enjoyed substantial discovery, does not contain any allegations that plaintiff complained to Dr. Gupta or anyone else that she was being paid less than her male colleagues for substantially similar work. Nor are there any specific allegations with regard to a change in plaintiff's or anyone else's compensation that arose *after* she filed her EEOC and internal charges. The FAC is also devoid of any allegations that her employers were aware of her complaints to the EEOC or of the internal charges and compensated plaintiff differently from her male counterparts thereafter because of them. In the absence of such factual allegations, plaintiff does not satisfy the first prong of a retaliatory EPA claim, i.e., participation in a protected activity about which the employer was aware. Accordingly, defendant's motion to dismiss plaintiff's EPA retaliation claim is hereby granted.

## Conclusion

Defendant's motion to dismiss plaintiff's Equal Pay Act claims in her first amended

complaint is hereby **GRANTED** for the reasons set forth above.

**SO ORDERED**.

Dated: June 13, 2013
          Central Islip, New York

                                                    _____/s/_____
                                                    Thomas C. Platt, U.S.D.J.